# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

QIANNA LATRICE QUARTMAN,

    **Plaintiff,**

    **v.**                         **Case No. 22-CV-520**

GREGORY ISAAC,

    **Defendant.**

---

## ORDER ON MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND SCREENING OF COMPLAINT

---

On April 29, 2022, Qianna La'Trice Quartman filed a *pro se* complaint against Gregory Isaac (Docket # 1) and moved for leave to proceed without prepaying the filing fee (*in forma pauperis*) (Docket # 2). Quartman subsequently filed an amended complaint against Isaac on May 13, 2022. (Docket # 3.) Because I find that Quartman is indigent, her motion will be granted. However, because her amended complaint fails to state a claim upon which relief can be granted, I will allow Quartman an opportunity to file a second amended complaint addressing the deficiencies discussed below.

### ANALYSIS

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine whether the action is frivolous or malicious, fails

1

to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611–12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in her favor. *Id.* at 612. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Quartman states that she is unemployed and has no income but receives $250.00 per month in food stamps. (Docket # 2 at 1–2.) Quartman asserts that has $5.00 in monetary assets. (*Id.* at 3.) She further asserts that she was recently released from incarceration and pays her mother $50.00 per month for rent. (*Id.* at 4.) Based on the information provided, I am satisfied that Quartman is indigent for purposes of the *in forma pauperis* statute and will grant her motion.

I next turn to the question of whether Quartman's claim is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). In her amended complaint, Quartman alleges that Isaac, who apparently represented Quartman during a revocation proceeding, violated her constitutional rights. (Docket # 3 at 2.) She alleges that Attorney Isaac "violated the attorney-client relationship by disclosing documentary evidence

on a video recorded camera at MSDF and also interviewing [her] asking several questions and disclosing possible new charges." (*Id.*) She further alleges that Attorney Isaac was responsible for her being denied the right to confront and/or cross examine four of her accusers. (*Id.*) Furthermore, Quartman alleges that Attorney Isaac "failed to propose an ATR 5 days before the final revocation hearing," and tampered with the revocation packet. (*Id.* at 3.) She concludes that she was deprived of life, liberty, and property without due process of law and requests monetary relief. (*Id.* at 3–4.)

Construing Quartman's *pro se* complaint broadly, as I must, it appears that she sues Attorney Isaac under 42 U.S.C. § 1983. To state a claim for relief under § 1983, a plaintiff must allege: (1) that she was deprived of a right secured by the Constitution or laws of the United States and (2) that the person who deprived her of that right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Quartman does not state whether Attorney Isaac was a public defender or privately retained for her revocation hearing. Under either circumstance, however, Quartman's § 1983 claim against Attorney Isaac fails because "a lawyer is not a state actor when he performs the traditional function of counsel to a defendant in a criminal case." *Walton v. Neslund*, 248 F. App'x 733, 733 (7th Cir. 2007). Thus, Attorney Isaac did not act under color of state law and cannot be held liable under § 1983.

Quartman does allege that Attorney Isaac "conspired to interfere with his client's rights with the Department of Corrections, Division of Hearings and Appeals and Division of Community Corrections." (Docket # 3 at 2–3.) While "[p]rivate parties have been found subject to liability under § 1983 when engaged in a conspiracy with one or more parties acting under the color of state law," to establish a conspiracy, the plaintiff must demonstrate that "the state officials and the private party somehow reached an understanding to deny the

3

plaintiffs their constitutional rights." *Moore v. Marketplace Rest., Inc.*, 754 F.2d 1336, 1352 (7th Cir. 1985). Quartman does not provide enough detail about the alleged conspiracy, i.e., "the parties, general purpose, and approximate date," *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002), to plausibly allege a conspiracy between Attorney Isaac and any state actor to deprive her of a constitutional right. *See Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (dismissal of conspiracy claim affirmed where no factual allegations tied defendants to a conspiracy with a state actor).

The Seventh Circuit instructs that when a plaintiff's complaint is dismissed for failure to state a claim, the general rule is to give at least one opportunity to amend the complaint before the entire action is dismissed. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015). The court has stated that unless "it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss." *Id.* (emphasis in original).

Because it is not certain from the face of the amended complaint that further amendment would be futile, I will grant Quartman leave to amend her amended complaint in accordance with this decision. Quartman shall have 30 days from the date of this order to file a second amended complaint. The second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint." Quartman is advised that the second amended complaint replaces the prior amended complaint and must be complete in itself without reference to the prior amended complaint. Accordingly, matters not set forth in the second amended complaint are, in effect, withdrawn. *Duda v. Board of Educ. of Franklin Park Public School Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998). Should

Quartman fail to file a second amended complaint within 30 days, I will recommend that this action be dismissed with prejudice.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that Quartman's motion for leave to proceed without prepayment of the filing fee (Docket # 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that within 30 days of this order, Quartman shall submit a second amended complaint wherein she provides additional information in accordance with the instructions set forth above. The court will then screen Quartman's second amended complaint. If Quartman fails to timely submit her second amended complaint or her second amended complaint fails to cure the deficiencies outlined above, I will recommend that this action be dismissed with prejudice.

Dated at Milwaukee, Wisconsin this 12th day of July, 2022.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge