# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

QIANNA LATRICE QUARTMAN,

           Plaintiff,

v.

GREGORY ISAAC,

           Defendant.

Case No. 22-CV-520-JPS

**ORDER**

---

      Before the Court are Magistrate Judge Nancy Joseph's report and recommendation for dismissal for failure to prosecute, ECF No. 6, and Plaintiff's objections thereto, ECF No. 7. For the reasons stated herein, the Court will sustain Plaintiff's objections and depart from Magistrate Judge Joseph's recommendation. Plaintiff will have until November 4, 2022 to file a second amended complaint in this action.

## 1. BACKGROUND & PROCEDURAL POSTURE

      On April 29, 2022, Plaintiff Qianna La'Trice Quartman ("Plaintiff") filed a pro se complaint alleging that attorney Gregory Isaac ("Defendant") violated her constitutional rights. ECF No. 1. She alleges specifically that Defendant violated the attorney-client privilege "by disclosing documentary evidence on a video recorded camera at MSDF [Milwaukee Secure Detention Facility]," that he failed to provide her with this documentary evidence before her revocation hearing on April 29, 2019, that he engaged in behavior that deprived her of effective assistance of counsel, that he "conspired to interfere with his client's rights with the Department of Corrections, Division of Hearings and Appeals and Division of Community Corrections," and that he was responsible for Plaintiff being "denied the right to confront and or cross examine all of [her] accusers."

ECF No. 1; *see also* ECF No. 3. Along with her complaint, Plaintiff filed a motion for leave to proceed in forma pauperis. ECF No. 2.

On May 13, 2022, Plaintiff filed an amended complaint. ECF No. 3. Therein, Plaintiff appears to re-allege the same general claims with some additional details. Newly alleged therein is the additional claim that Defendant "tampered with documentary evidence (revocation packet)" and that her marital privilege was violated when her husband, Robert Willis Jr., appeared at her revocation hearing against her. *Id*. at 3.

This case was randomly assigned to Magistrate Judge Nancy Joseph. In an order on July 12, 2022, Magistrate Judge Joseph granted Plaintiff's motion to proceed in forma pauperis and ordered her to submit a second amended complaint because her complaint "fail[ed] to state a claim upon which relief can be granted." ECF No. 5. Magistrate Judge Joseph granted Plaintiff thirty (30) days within which to file a second amended complaint, warning that failure to comply with the order would result in a recommendation of dismissal with prejudice. *Id*.

On August 18, 2022, after receiving nothing further from Plaintiff, Magistrate Judge Joseph entered a report and recommendation. ECF No. 6. Therein, Magistrate Judge Joseph recommended that the action be dismissed with prejudice since Plaintiff had not submitted her second amended complaint. *Id*.

On August 29, 2022, Plaintiff filed a document entitled "Motion to Reconsider Recommendation." ECF No. 7. Therein, Plaintiff attests that she has been working for a non-profit organization that recently acquired new office space, requiring "a lot of moving files and other office materials" from Plaintiff's home. *Id*. In this moving process, "personal friends who were helping in good faith mixed up the Plaintiff's private mail with office paperwork." *Id*. Plaintiff subsequently became aware of Magistrate Judge

Joseph's July 12, 2022 order. *Id*. Plaintiff further writes that "[u]pon discovery of this document the Plaintiff immediately began drafting this motion" and that she prays the Court will recognize the "difficulty she is having making the transition from prison to home . . . ." *Id*. She requests an extension of sixty (60) days to complete her second amended complaint. *Id*. The Court will evaluate this filing as Plaintiff's objections to the magistrate judge's report and recommendation.

2.     **LEGAL STANDARD**

Pursuant to General Local Rule 72(c), 28 U.S.C. § 636(b)(1)(B), and Federal Rule of Civil Procedure 72(b), the parties were advised that written objections to the magistrate's recommendation, or any part thereof, could be filed within fourteen days of the date of service of the recommendation. *Id.* The Court must review de novo any portion of the magistrate's recommendation to which the Plaintiff properly objects, and may accept, reject, or modify any part of the recommendation. Fed. R. Civ. P. 72(b)(3). The Court has considered Magistrate Judge Joseph's recommendation and will reject it for the reasons discussed below.

3.     **LAW & ANALYSIS**

Magistrate Judge Joseph recommended dismissal of Plaintiff's action based on Plaintiff's failure to prosecute. Plaintiff has properly objected to the recommendation of dismissal on that basis. Accordingly, the Court must review Magistrate Judge Joseph's recommendation de novo.

Federal Rule of Civil Procedure 41(b) authorizes district courts to dismiss an action for a plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b); 8 Moore's Federal Practice – Civil § 41.51. The rule "imposes a diligence on plaintiff in view of the policy favoring the prompt disposition of cases." 8 Moore's Federal Practice – Civil § 41.51. Failure to prosecute is not

defined by the federal rules, but "may manifest itself either through simple inaction or through a deliberate pattern of delay." *Id*.

Dismissal pursuant to Rule 41(b) is a harsh sanction and therefore its use should be limited. *Adian v. Astrachan*, 128 F.3d 1051, 1056–57 (7th Cir. 1997). The decision whether to dismiss a suit for failure to prosecute "should take full and careful account of the frequency and magnitude of the plaintiff's failures to comply with deadlines for the prosecution of the suit, . . . the effect of the failures in taxing the judge's time and disrupting the judge's calendar to the prejudice of other litigants, the prejudice if any to the defendant from the plaintiff's dilatory conduct, the probable merits of the suit, and . . . the consequences of dismissal for the social objectives of the type of litigation that the suit represents." *Ball v. City of Chicago*, 2 F.3d 752, 759–60 (7th Cir. 1993). A court should refrain from dismissing a litigant's case for failure to prosecute until the litigant, or her counsel, has been given a prior warning. *Id*. at 755.

Magistrate Judge Joseph did warn Plaintiff that she would recommend dismissal of Plaintiff's case with prejudice if Plaintiff did not file her second amended complaint within the prescribed amount of time. After Plaintiff failed to file that complaint or otherwise communicate with the court, Magistrate Judge Joseph's subsequent recommendation of dismissal for failure to prosecute very well may have been appropriate based on the information available at that time.

However, considering the new information that has come to light through Plaintiff's objections, this Court believes that the "harsh sanction" of dismissal is no longer appropriate. *See Adian,* 128 F.3d at 1056–57. Plaintiff's failure to comply with Magistrate Judge Joseph's order appears to have been the result of an innocent mistake, not representative of a "deliberate pattern of delay" in this case. *See* 8 MOORE'S FEDERAL PRACTICE

– Civil § 41.51. No prejudice to other litigants has resulted, as no other parties have appeared in the case. *See Ball*, 2 F.3d at 760. The Court will refrain from speculating as to the merits of the suit at this time.

4.  **CONCLUSION**

For the reasons stated herein, the Court will sustain Plaintiff's objections to Magistrate Judge Joseph's report and recommendation, which the Court will reject at this time. Plaintiff must file her second amended complaint in accordance with Magistrate Judge Joseph's July 12, 2022 order, ECF No. 5, on or before November 4, 2022.

It has not escaped the Court's attention, however, that Plaintiff appears to be a frequent litigator in the Eastern District of Wisconsin.[1] She has accrued substantial experience suing in the federal courts and should therefore know full well what is required of her, as well as the consequences of failing to exercise diligence and attentiveness to her cases. "[P]ro se litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines." *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996) (internal citation omitted). This is particularly true in the case of experienced pro se litigators. Bearing this in mind, Plaintiff is warned that she will not be granted any further opportunities for reprieve in this Court.

Accordingly,

**IT IS ORDERED** that Plaintiff's objections to Magistrate Judge Nancy Joseph's report and recommendation, ECF No. 7, be and the same are hereby **SUSTAINED**;

---

[1] *See, e.g., Quartman v. Cooper,* 20-CV-1008-JPS; *Quartman v. Cooper,* 20-CV-1124-JPS; *Quartman v. Cooper,* 20-CV-1391-JPS; *Quartman v. Cooper,* 20-CV-1392-JPS; *Quartman v. Cooper,* 20-CV-1393-JPS; *Quartman v. Eppers et al.,* No. 20-CV-1435-JPS; *Quartman v. Brick,* No. 20-CV-1451-JPS; *Quartman v. Hayes et al.,* 20-CV-1476-JPS; *Quartman v. State of Wisconsin Dep't of Corrections et al.,* 22-CV-1015-JPS.

**IT IS FURTHER ORDERED** that Magistrate Judge Nancy Joseph's report and recommendation, ECF No. 6, be and the same is hereby **REJECTED**; and

**IT IS FURTHER ORDERED** that Plaintiff file a second amended complaint in accordance with Magistrate Judge Nancy Joseph's order, ECF No. 5, by **November 4, 2022**.

Dated at Milwaukee, Wisconsin, this 11th day of October, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge