| | |
|---|---|
| QIANNA LATRICE QUARTMAN,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY ISAAC, STATE OF WISCONSIN, AND WISCONSIN STATE PUBLIC DEFENDER,<br><br>Defendants. | Case No. 22-CV-520-JPS<br><br><br>ORDER |

On April 29, 2022, Qianna Latrice Quartman ("Plaintiff"), proceeding pro se, filed this action, alleging that Gregory Isaac, the State of Wisconsin, and the Wisconsin State Public Defender ("Defendants") violated her rights. ECF No. 1.[1] Plaintiff also filed a motion for leave to proceed without prepaying the filing fee. ECF No. 2. On May 13, 2022, Plaintiff filed an amended complaint. ECF No. 3. On July 12, 2022, Magistrate Judge Nancy Joseph screened the amended complaint and granted Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 5. Therein, Judge Joseph noted that Plaintiff's amended complaint failed to state a claim upon which relief could be granted and accordingly afforded Plaintiff an opportunity to file a second amended complaint. *Id*.

---

[1]Plaintiff has an extensive litigation history in this district, which prompted the Court to reimpose a filing restriction order against her. *See Quartman v. Office Furniture Res. Inc.,* No. 22-cv-1314-JPS (E.D. Wis. Nov. 4, 2022) at ECF No. 4. See that order for further details on Plaintiff's litigation history.

On August 18, 2022, Judge Joseph filed a report and recommendation. ECF No. 6. Therein, Judge Joseph recommended that Plaintiff's case be dismissed for failure to prosecute because Plaintiff failed to file a second amended complaint within the deadline set by Judge Joseph's July 12, 2022 order. *Id*. On August 29, 2022, Plaintiff filed objections to the report and recommendation. ECF No. 7. Therein, she stated that there had been a mail mix up and that she had not received Judge Joseph's July 12, 2022 order in time. ECF No. 7. In light of Plaintiff's renewed prosecution of her case, the Court rejected Judge Joseph's recommendation of dismissal. ECF No. 8. On November 4, 2022, Plaintiff filed her second amended complaint. This Order screens Plaintiff's second amended complaint.

1.  **SCREENING STANDARDS**

Notwithstanding the payment of any filing fee, when a plaintiff requests leave to proceed *in forma pauperis*, the Court must screen the complaint and dismiss it or any portion thereof if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what

the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678) (internal bracketing omitted).

## 2. RELEVANT ALLEGATIONS

Plaintiff's second amended complaint alleges that Defendants deprived her of a fair and impartial parole revocation hearing in violation of 42 U.S.C. § 1983 and the Sixth and Fourteenth Amendments. ECF No. 9 at 1. The specifics of her allegations are provided here.

Plaintiff writes that Defendant Isaac, an "employee of the State of Wisconsin State Public Defender's Office; a branch of the State of Wisconsin" was appointed to represent her in a previous criminal case. *Id.* at 1, 2. At that time, Plaintiff was seven months pregnant. *Id.* at 2. Isaac visited Plaintiff at her place of incarceration where he "discussed and revealed sensitive information over a video camera whereby it was viewed by employees of [Milwaukee Secure Detention Facility] and possibly others

. . . ." *Id*. According to Plaintiff, this constituted a failure to "hold inviolate the secrets of his client." *Id*.

"The very next day," Plaintiff writes, she gave birth, and "10 days later a final revocation hearing was conducted wherein no witnesses or other evidence was presented against [her]" and "Defendant Isaac failed to object or make any motions for the Plaintiff to be released due to the insufficiency of evidence being [p]resented and her medical condition." *Id*. Isaac also allegedly failed to object to the State's introduction of an "alleged statement by her that was not signed by an agent who was alleged to have taken/witnessed the statement" and failed to "subpoena a material witness (the Plaintiff's husband)." *Id*. Plaintiff alleges that she asked Isaac to call her husband as a witness, but she also acknowledges that it is Isaac's "right to direct the course of the defense." *Id*.

Had Isaac performed differently, Plaintiff alleges that the "outcome of her hearing would have been different" and she would have avoided "extreme physical, mental and emotional trauma" which she suffered while incarcerated after giving birth. *Id*. For Isaac's alleged ineffective assistance of counsel and for the traumas she suffered, Plaintiff seeks money damages and sanctions against Isaac. *Id*.

3.   **SCREENING ANALYSIS**

Plaintiff's second amended complaint alleges that Defendants violated her rights under 42 U.S.C. § 1983 and the Sixth and Fourteenth Amendments. ECF No. 9. Pursuant to Rule 12(b)(6), and because Plaintiff appears to utilize this action to seek reconsideration of issues already brought before the Court via habeas, the Court will dismiss the action.

### 3.1 § 1983

Plaintiff fails to state a claim under § 1983. The analysis provided by Judge Joseph's July 12, 2022 screening order remains applicable:

> To state a claim for relief under § 1983, a plaintiff must allege: (1) that she was deprived of a right secured by the Constitution or laws of the United States and (2) that the person who deprived her of that right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Quartman does not state whether Attorney Isaac was a public defender or privately retained for her revocation hearing. Under either circumstance, however, Quartman's § 1983 claim against Attorney Isaac fails because "a lawyer is not a state actor when he performs the traditional function of counsel to a defendant in a criminal case." *Walton v. Neslund*, 248 F. App'x 733, 733 (7th Cir. 2007). Thus, Attorney Isaac did not act under color of state law and cannot be held liable under § 1983.

ECF No. 5 at 3. The Court will not allow Plaintiff to amend her second amended complaint to attempt to properly state a claim against Defendants under § 1983 because doing so would be futile. *See King v. E. St. Luis Sch. Dist. 189,* 496 F.3d 812, 819 (7th Cir. 2007). The fundamental deficiency presented in Plaintiff's earlier pleadings and noted by Judge Joseph has not been, and cannot be, remedied by amendment. Accordingly, the Court will not allow Plaintiff to proceed on a § 1983 claim against Defendants.

### 3.2 Sixth Amendment

Plaintiff attempts to raise a Sixth Amendment ineffective assistance of counsel claim. Plaintiff essentially wishes to address, post-release from incarceration, the alleged ineffective assistance of counsel of a state defense attorney in a civil federal action. It is true that ineffective assistance of counsel "is a ground for collateral attack on a criminal judgment." *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000). But the forum of habeas

corpus is the proper place to raise ineffective assistance of counsel claims via collateral attack. *United States v. Villegas*, No. 13-C-429, 2014 U.S. Dist. LEXIS 4959, at *10 (N.D. Ill. Jan. 15, 2014).

Plaintiff does not in her second amended complaint provide the case number for the underlying state criminal case to which she refers. But a search of Plaintiff in the Wisconsin Circuit Court Access reveals only one Milwaukee County Circuit Court criminal case against her, and so the Court assumes that must be the case to which Plaintiff refers. *See* Milwaukee County Circuit Court Case No. 2012CF5849 (Dec. 3, 2012).[2] In that case Plaintiff pleaded guilty to two counts of theft—false representation in an amount greater than $10,000. That case docket lists Plaintiff's defense attorney as a Scott David Obernberger, and the name Isaac does not appear thereon.

On May 7, 2021, and four more times in the months thereafter, Plaintiff filed a petition for a writ of habeas corpus in this Court relating to that case. *See* Case Nos. 20-cv-1008-JPS (July 6, 2020), 20-cv-1124-JPS (Feb. 9, 2021), 20-cv-1391-JPS (Sep. 8, 2020), 20-cv-1392-JPS (Sep. 8, 2020), and 20-cv-1393-JPS (Sep. 8, 2020). In those cases, Plaintiff complained of ineffective assistance of counsel as to Attorney Scott D. Obernberger, No. 20-cv-1393-JPS, and later, as to "Attorney Gregory Isaac[,] Bar No. 1102412," 20-cv-1008-JPS. Plaintiff's most recent habeas petition refers to her "[r]evocation of extended supervision" and "violation of the attorney-client relationship." No. 20-cv-1008, ECF No. 1. That petition appears to pertain to the same assertions now raised by Plaintiff in this case. That habeas case

---

[2]The docket for that case can be viewed at: https://wcca.wicourts.gov/caseDetail.html?caseNo=2012CF005849&countyNo=40&index=0&mode=details (last visited Nov. 18, 2022).

was dismissed without prejudice for failure to exhaust. *Id*. at ECF No. 9 at 1, 4 ("Although the bulk of Quartman's petition is incoherent, the Court gleans that Quartman is challenging the revocation of her extended supervision . . . . Because Quartman may still have administrative remedies available to her in state court, the Court will dismiss her petition without prejudice.").

In sum, Plaintiff unsuccessfully attempted to challenge Attorney Isaac's performance via habeas last year. She has now come before the Court again to attempt to challenge that same conduct through a different legal vehicle, again without having attempted to exhaust. Plaintiff is not entitled to this many bites at the apple, and her ineffective assistance of counsel claim was more appropriately to be addressed in habeas, after proper exhaustion, rather than a subsequent civil collateral attack roughly a year and a half later. "[A] collateral attack cannot be used to obtain a second opinion on an argument presented and decided earlier." *Villegas*, 2014 U.S. Dist. LEXIS 4959, at *10. "[A] person who has raised an issue, and had it resolved by a federal court, cannot start from scratch on collateral review and ask the judiciary to proceed as if the first resolution had not occurred." *Peoples v. United States*, 403 F.3d 844, 847 (7th Cir. 2005).

The Court has already informed Plaintiff that exhaustion was a requisite to her action being before it. Just as the Court noted at that time, there is still no indication that Plaintiff exhausted her claims.[3] While ineffective assistance of counsel claims may be raised for the first time in a

---

[3]A search of Plaintiff's name and circuit court case number reveals no records before the Wisconsin Court of Appeals. *See* https://wscca.wicourts.gov/pager.do?cacheId=237E20B93A9ABA701EC9D768828 02DF6&offset=0&sortColumn=0&sortDirection=DESC (last visited Nov. 18, 2022).

§ 2255 motion, *see Massaro v. United States*, 538 U.S. 500, 503(2003), the same is not necessarily true for § 2254. *See Doyon v. Superintendent, Me. Corr. Ctr.*, No. 00-4-P-C, 2000 U.S. Dist. LEXIS 9696, at 3* (D. Me. Mar. 21, 2000) ("To exhaust a federal constitutional claim, like the claim of ineffective assistance of counsel presented by the petitioner here, a petitioner must present its 'substance' in state court before seeking a second opinion through habeas proceedings in federal court.").

Moreover, Plaintiff follows her recitation of grievances with an acknowledgment that it is Isaac's "right to direct the course of the defense," which suggests that she knows her contentions lack merit. ECF No. 9 at 2. For this reason, and because Plaintiff's second amended complaint merely seeks to elicit a different ruling from the Court on matters already presented to it in 2021, the Court will dismiss it.

### 3.3 Fourteenth Amendment

Plaintiff also cites the Fourteenth Amendment, although it is unclear what specific claim she attempts to raise thereunder. It is not clear if Plaintiff attempts to raise a due process violation claim, an equal protection claim, or something else. She alleges no facts suggesting an equal protection violation. She does not clearly allege a due process violation, whether substantive or procedural. While it is true that pro se pleadings are liberally construed, leniency toward a pro se litigant is not without limits. *See Greer v. Bd. of Educ.*, 267 F.3d 723, 727 (7th Cir. 2001). "The essence of liberal construction is to give a pro se plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Id.* (internal citation omitted). This is not a mere technicality. "[A] lawsuit is not a game of hunt the peanut." *Id.* Plaintiff has already had an opportunity for amendment in this action, and her amendment bore no fruit. The Court will

not allow her to pursue these claims ad infinitum. For these reasons, the Court will dismiss Plaintiff's second amended complaint.

## 4. CONCLUSION

For the reasons stated herein, Plaintiff has failed to state a claim under any of her enumerated grounds for relief. Her second amended complaint primarily appears to attempt to achieve a more favorable result in a matter already presented to the Court, without undertaking the action the Court instructed Plaintiff to take (to exhaust her claims of ineffective assistance of counsel). This the Court will not entertain.

Accordingly,

**IT IS ORDERED** that Plaintiff's second amended complaint be and the same is hereby **DISMISSED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of November, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge